■ WAYNE L. ADAMS, Doing Business as ADAMS ASSOCIATES, Respondent, v GEORGE HULA et al., Appellants. — Appeal from a judgment of the Supreme Court in favor of plaintiff, entered January 5, 1982 in Madison County, upon a decision of the court at Trial Term (Kepner, Jr., J.), without a jury. Plaintiff, a surveyor, was engaged by defendant George Hula to survey defendants' land, including a parcel once owned by Catherine Hula, deceased, which was the part of the estate administered by George Hula and his sister, Ann Hula, and known as the "home farm", and an adjacent property owned by defendant, George Hula, individually. The work was amplified from time to time to include a survey of State lands adjacent to the "home farm". Plaintiff completed the work and demanded payment for his services in the sum of $10,000 reduced from $15,000 because of delay in completing the work. Defendants failed to pay, claiming that the agreed price for the work was $5,000, and counterclaimed against plaintiff for damages in the sum of $30,000. The court

found that defendants had engaged plaintiff to survey their mother's estate and that defendant, George Hula, subsequently retained plaintiff to survey his farm as well and to survey State lands adjacent to the "home farm". The court found the work to have been competently performed and held that the parties had not set a price for the work in advance of its completion. The court found that the reasonable value of the services was $15,000; that is, $2,000 for the State lands survey, $6,500 for the survey of George Hula's property and $6,500 for the survey of the "home farm". The counterclaim was dismissed for failure of proof. Defendants contend that the decision of Trial Term was against the weight of the evidence. We disagree. The court, faced with factual disputes, resolved them against defendants. It chose to credit plaintiff's testimony on the crucial issues of whether there was an agreed price for his surveying services and the scope of the project. The resolution of both issues turned on credibility. The decision of the trial court on this issue is entitled to great weight. The instant decision was in conformity with the evidence and should not be disturbed (*Amend v Hurley*, 293 NY 587; *Borne Chem. Co. v Dictrow*, 85 AD2d 646). We find no merit in defendants' assertion that the court incorrectly assessed plaintiff's damages by using "reasonable value" of the services as the measure of damages rather than the "benefit conferred" on defendants. The latter standard is used as a measure of restitution when there is no agreed upon price, and only in very special circumstances not present here. Judgment affirmed with costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.